◼ In the Matter of ADELINE POST, Appellant, v. ALFRED H. POST, JR., Respondent.— Petitioner mother appeals from an order of the Family Court, Orange County, dated April 2, 1973, which, inter alia, suspended all prior support orders and granted custody of three infant children to respondent father. Order reversed with $20 costs and disbursements, and matter remanded for further proceedings consistent with this memorandum. Pending further order of the Family Court custody of the children shall remain with the respondent. During the midst of the support proceeding the court, on its own motion, granted custody of the parties' three infant children to respondent. The petitioner was not in attendance and was neither notified of the hearing nor advised of her rights to counsel. This was fundamental error and the matter must be remanded for a proper proceeding after due notice. However, it is in the best interests of the children that custody remain with the father until further order of the Family Court. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

◼ In the Matter of SHEILA DEUTSCH, Respondent, v. BENZION DEUTSCH, Appellant.— Pursuant to notice of appeal, dated June 28, 1971, Benzion Deutsch appeals from an order of the Family Court, Kings County, entered on June 23, 1971, which denied his application for unsupervised visitation, and granted to him a continuance of supervised visitation as fixed in a prior Family Court order of protection, which, by its express provisions, was to expire on February 24, 1973. By separate notice of appeal dated November 8, 1971, Benzion Deutsch also appeals from an order of the Family Court, Kings County, entered on November 3, 1971 which denied appellant's application to change visitation from the structured setting to that of an unstructured one, and which again continued supervised visitation, left intact the order of support, fixed appellant's arrears of support at the sum of $900, and directed appellant to post a cash bond of $500 on such arrears as of November 4, 1971, and a further cash bond of $400 on arrears, as of December 23, 1971, on pain of 30 days commitment to the workhouse. Although appellant's statement pursuant to CPLR 5531 and his note of issue both state that he brings up for review only the order dated June 28, 1971, we find from the context of his brief that he also seeks review of the order, dated November 3, 1971, which does not appear to be part of the original papers handed up on this appeal. Appeal from order, dated June 23, 1971, dismissed as moot, in view of the fact that the protective order of visitation, by its terms, terminated on February 24, 1973. Appeal from order dated November 3, 1971 dismissed, since no such order appears in the record on appeal. With respect to this order, however, it is noted that the stenographic minutes of November 3, 1971 contain an oral decision by the Family Court Judge, covering the items mentioned in paragraph "2" hereof. Were the appeal from this order properly before the court, so much thereof as directed continuance of supervised visitation by appellant would be dismissed as moot, since, as noted, the protective order of visitation expired on February 24, 1973. The balance of the order, insofar as it relates to payments of support and of arrears, would be affirmed. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.